# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# RENO DIVISION

| | |
|---|---|
| James Taylor<br>2300 Gatewood Dr.<br>Reno, NV 89523<br><br>    Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.<br>c/o The Corporation Trust Company of Nevada<br>6100 Neil Road, Suite 500<br>Reno, NV 89511<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around October 2008, Defendant telephoned Plaintiff.

8. During this communication, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the debt immediately.

9. At the time of the communication referenced above, Defendant had neither the intent nor the ability to garnish Plaintiff's wages.

10. On or around November 20, 2008, Defendant telephoned Plaintiff's mother ("Mother").

11. During this communication, Defendant disclosed to Mother the existence, nature and/or amount of the debt.

12. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

13. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FIVE

### Invasion of Privacy by Public Disclosure of a Private Fact

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's Mother.

24. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

25. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

                    RESPECTFULLY SUBMITTED,

                    Macey & Aleman, P.C.

                    By: */s/ Donald P. Norris*
                    Donald P. Norris    (Bar No. 007464)
                    1701 W. Charleston Blvd, Suite 320
                    Las Vegas, NV 89102
                    Tel:  1.866.339.1156
                    Fax: 1.312.822.1064
                    Email:  dpn@legalhelpers.com
                    *Attorney for Plaintiff*